# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**ERIC LOVAN DONSTON**                                                              **PLAINTIFF**

**v.**                                  **CIVIL ACTION NO. 1:23-cv-00161-TBM-RPM**

**BURL CAIN,** *et al.*                                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the Court *sua sponte* for consideration of partial dismissal. *Pro se* Plaintiff Eric Lovan Donston is an inmate currently housed at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi. [1], p. 2. He filed this Complaint under 42 U.S.C. § 1983, naming nineteen Defendants who are employed by various agencies. Three Defendants work for the Mississippi Department of Corrections ("MDOC"): Burl Cain, Donald Faucett, and Gloria Perry. [1], pp. 2-3. Eleven Defendants work for the Pearl River County Sheriff's Department, which is itself a Defendant: Sheriff David Allison; Primary Officer Unknown; Gaspond Sherman, Jr.; Joe Garcia; Joe Quave; Jeremy S.; Terrence Tucker; Rob Williams; Jerry Fleming; Von Biadncsich; and Scott Maillet. [1], pp. 3, 15. Two Defendants work for the Poplarville Police Department, which is also itself a Defendant: Police Chief Butch Raby and Damien Carr. [10], p. 3; [11], p. 1. Finally, Donston names City Auditor Kevin Tilman as Defendant too. [10], p. 3; [11], p. 1. Donston is proceeding *in forma pauperis*. [6], pp. 1-3.

For the following reasons, the Court finds that Donston's claims against the Pearl River County Sheriff's Department and Poplarville Police Department must be dismissed with prejudice because they are not subject to suit under § 1983. Donston's claims against Allison, Sherman, Garcia, Quave, Tucker, Williams, Fleming, Biadncsich, Maillet, Raby, Carr, and Tilman must be

1

dismissed with prejudice because his claims against them are barred by the applicable statute of limitations. At this early stage in the litigation, Donston's claims against Cain, Faucett, Perry, Officer Unknown, and Jeremy S. will proceed.

## I.    BACKGROUND

Donston claims that he was arrested "after a speed chase" in Poplarville on or about January 6, 2019. [1], p. 5; [10], p. 3.[1] He says that Garcia "initiated [the] car chase," Sherman "ran into [the] back of Donston's car," and Quave "initiated the first blows with . . . Donston at [the] wreck scene." [10], pp. 3-4. After the car chase, Donston claims that he was "assaulted" by Garcia, Sherman, Quave, Williams, Maillet, Fleming, Biadncsich, and Tucker. [10], pp. 3-4. Among other acts of aggression, Donston avers that these Defendants used racial slurs, hit and kicked him, and deployed tasers against him. [1], p. 5. Donston claims that Raby, Carr, and Tilman witnessed the attack but failed to intervene. [10], p. 3.

Donston avers that he was "beaten so bad[ly] [he] could hardly walk or talk or see." [1], p. 15. He was then transported to the Pearl River County Jail, where he was "denied medical care and treatment" for his injuries. [1], p. 4. Donston specifically blames Sheriff Allison and Biadncsich for refusing to call an ambulance. [10], pp. 3-4.

Donston pleaded guilty to a three-count indictment on August 2, 2019, and he was sentenced on September 16, 2019. [1-1], p. 40. Donston was then transferred to the custody of the MDOC and housed at the Central Mississippi Correctional Facility ("CMCF"). [1], p. 7. He claims officials at CMCF likewise failed to "aid and assist [him] physically or mentally," despite his obvious injuries (which included a busted lip and bleeding from the mouth). [1], p. 7.

---

[1] Donston avers that the altercation occurred on "January 6 or 29, 2019." [1], p. 5.

Allegedly, Donston did not receive medical care until he was transferred to SMCI, some unspecified time later. [1], p. 17. The doctors there "put [him] on a walker" and took x-rays. [1], pp. 15, 17. But SMCI officials "fail[ed] to produce the photograph of the x-rays" or "to issue copies of the sick call request[s]" that he placed. [1], p. 15. Donston filed an administrative grievance on December 12, 2022, requesting that MDOC produce his medical records from 2018-2022. [1], p. 5, [1-1], p. 2. That grievance was rejected because the requested relief is unavailable under MDOC's Administrative Remedy Program. [1-1]. p. 1.

Donston avers that he has suffered "sever[e] pain for months and years" because of the 2019 attack, [1], p. 17, and even now he cannot "stand on [his] legs [for too] long," [1], p. 18. Donston requests $250,000.00 in compensatory damages, plus equitable relief. [1], p. 5. Specifically, he asks the Court to order the production of camera footage of the 2019 arrest and alleged assault, along with incident reports and medical records generated in the aftermath. [1], p. 6.[2]

## II. DISCUSSION

Because Donston is proceeding *in forma pauperis*, his Complaint is subject to the case-screening procedures outlined in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2). The PLRA mandates dismissal if at any time the Court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id*. § 1915(e)(2)(B). "A complaint is

---

[2] It is unclear if Donston is also seeking documents relevant to his criminal conviction. He previously petitioned the Pearl River County Circuit Court to provide "access [to these] public records," including his sentencing order, plea transcript, and pretrial motions, but that court denied his motions. [1], p. 14; [1-1], pp. 37, 39-40. Plaintiff then petitioned the Mississippi Supreme Court for a writ of mandamus requiring the production of these records, but that petition was denied as moot. [1], p. 14; [1-1], p. 37.

frivolous if it lacks an arguable basis in either law or fact." *Fountain v. Rupert*, 819 F. App'x 215, 218 (5th Cir. 2020). "A complaint fails to state a claim upon which relief may be granted if, taking the plaintiff's allegations as true, he could prove no set of facts in support of his claim that would entitle him to relief." *Id.*

In an action proceeding under § 1915, courts may "evaluate the merit of the claim *sua sponte*." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) (emphasis added). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* So long as the plaintiff "has already pleaded his 'best case,'" *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)), and his "insufficient factual allegations [cannot] be remedied by more specific pleading," *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), the Court may dismiss a claim *sua sponte*.

### A. Pearl River County Sheriff's Department and Poplarville Police Department

To maintain an action under § 1983, Donston must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other laws of the United States. 42 U.S.C. § 1983. The capacity of a sheriff's department or a police department to be sued is determined by reference to Mississippi law. *See* FED. R. CIV. P. 17(b)(3). Under Mississippi law, a sheriff's department is not a separate legal entity that may be named as a party to a lawsuit; it is merely an extension of the county. *Brown v. Thompson*, 927 So. 2d 733, 737 (Miss. 2006). Likewise, a police department is not subject to suit because it is merely an extension of the city. *Jackson v. City of Gulfport*, No. 1:16-cv-00420-LG-RHW, 2017 WL 651956, at *2 (S.D. Miss. Feb. 16, 2017).

Donston's claims against Pearl River County Sheriff's Department and Poplarville Police

Department must be dismissed with prejudice as frivolous and for failure to state a claim. *E.g.*, *Atkins v. Forrest Cnty. Sheriff Dep't*, No. 2:22-cv-00059-KS-MTP, 2022 WL 2961548, at *2 (S.D. Miss. July 26, 2022) (dismissing claims against the Forrest County Sheriff's Department as frivolous); *Willard v. Harrison County Sheriff's Dep't*, No. 1:19-cv-00908-LG-RHW, 2020 WL 1339300, at *2 (S.D. Miss. Mar. 23, 2020) (dismissing claims against the Harrison County Sheriff's Department as frivolous); *Handshaw v. Biloxi Police Dep't*, No. 1:19-cv-00821-HSO-JCG, 2020 WL 592338, at *2 (S.D. Miss. Feb. 6, 2020) (dismissing claims against the Biloxi Police Department as frivolous and for failure to state a claim).

### B. Statute of Limitations

"A district court may raise the defense of limitations *sua sponte* . . . and dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations." *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (quotation and brackets omitted). There is no federal statute of limitations for civil rights actions brought under § 1983. *Owens v. Okure*, 488 U.S. 235, 239, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). "Because § 1983 claims are best characterized as personal injury actions, [the Supreme Court has] held that a State's personal injury statute of limitations should be applied to all § 1983 claims." *Id.* at 240-41 (quotation omitted). "The applicable Mississippi statute of limitations period is three years." *Mann v. Bryant*, No. 1:20-cv-00267-LG-RPM, 2021 WL 4254860, at *2 (S.D. Miss. Sept. 17, 2021); *see also* MISS. CODE ANN. § 15-1-49.

While Mississippi law governs the applicable limitations period, federal law controls when a claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). A claim accrues when a plaintiff has "a complete and present cause of action." *Id.* (quotation

5

omitted). The limitations period begins to run when a plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); *see also Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008). "A plaintiff's awareness encompasses two elements: (1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." *Piotrowski*, 237 F.3d at 576 (quotation omitted). "A plaintiff need not know that [he] has a legal cause of action; [he] need know only the facts that would ultimately support a claim." *Id*.

Under these principles, Donston's claims against the officers who arrested and allegedly assaulted him accrued on or about January 6 or 29, 2019, [1], p. 5—when the altercation occurred. *See Perkins v. Lockhart*, No. 1:19-cv-00129-JCG, 2020 WL 5821973, at *3 (S.D. Miss. Sept. 30, 2020) (recognizing that a § 1983 claim predicated on an assault accrued on the date of the assault). Thus, the period for filing a lawsuit under § 1983 against his assailants expired at the very latest by the end of January 2022. *See Petty v. Boyd*, No. 1:11-cv-00016-JMR, 2011 WL 3876969, at *3 (S.D. Miss. Aug. 31, 2011) (giving a pro se plaintiff "the benefit of the most favorable date in the record" to determine when his claim accrued under § 1983). Donston did not sign his Complaint until June 28, 2023, [1], p. 19—about eighteen months after the applicable statute of limitations expired.

Donston's claims against Allison, Sherman, Garcia, Quave, Tucker, Williams, Fleming, Biadncsich, Maillet, Raby, Carr, and Tilman (those involved in the January 2019 assault and subsequent denial of medical care) must be dismissed with prejudice as frivolous and for failure to state a claim. *See Goosby v. Robertson*, 602 F. App'x 190, 191 (5th Cir. 2015) (affirming dismissal of time-barred § 1983 claims as frivolous and for failure to state a claim).

### C. Claims to Proceed

At this stage of the screening process, the Court finds that Donston's claims against Cain, Faucett, Perry, Officer Unknown, and Jeremy S. are insufficiently developed to permit dispositive action at this time. In particular, it is not clear when Donston's claims arising at SMCI accrued, nor is it clear who Officer Unknown is or whether he and Jeremy S. were present during the alleged attack in January 2019. The Court will benefit from further factual development to determine whether Donston's claims against the remaining Defendants are constitutionally viable. Thus, Donston's claims against Cain, Faucett, Perry, Officer Unknown, and Jeremy S. will proceed, though the Court expresses no opinion on whether these claims will or will not be determined to be meritorious.

### III.    CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Eric Lovan Donston's claims against the Pearl River County Sheriff's Department and the Poplarville Police Department are **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The Pearl River County Sheriff's Department and the Poplarville Police Department are dismissed as Defendants, and the Clerk of Court shall terminate them as Defendants on the Court's docket.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Donston's claims against Sheriff David Allison; Gaspond Sherman, Jr.; Joe Garcia; Joe Quave; Terrence Tucker; Rob Williams; Jerry Fleming; Von Biadncsich; Scott Maillet; Butch Raby; Damien Carr; and Kevin Tilman are also **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Allison, Sherman, Garcia, Quave, Tucker, Williams,

7

Fleming, Biadncsich, Maillet, Raby, Carr, and Tilman are dismissed as Defendants, and the Clerk of Court shall terminate them as Defendants on the Court's docket.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Donston's claims against Burl Cain, Donald Faucett, Gloria Perry, Primary Officer Unknown, and Jeremy S. will proceed. An Order issuing Notice of Lawsuit and Request for Waiver of Service will be issued in due course.

**THIS, the 2nd day of May, 2024.**

_____
**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**

Fleming, Biadncsich, Maillet, Raby, Carr, and Tilman are dismissed as Defendants, and the Clerk of Court shall terminate them as Defendants on the Court's docket.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Donston's claims against Burl Cain, Donald Faucett, Gloria Perry, Primary Officer Unknown, and Jeremy S. will proceed. An Order issuing Notice of Lawsuit and Request for Waiver of Service will be issued in due course.

**THIS, the 2nd day of May, 2024.**

_____
**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**