IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ERIC LOVAN DONSTON**                                                                                          **PLAINTIFF**

**v.**                                                                 **CIVIL ACTION NO. 1:23-cv-00161-TBM-RPM**

**BURL CAIN, et al.**                                                                                          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court *sua sponte* on *pro se* Plaintiff Eric Lovan Donston's failure to comply with Court Orders. Plaintiff filed his Complaint on July 5, 2023, and he is presently housed at the South Mississippi Correctional Institution in Leakesville, Mississippi. [1], p. 2. His claims arise under 42 U.S.C. § 1983, and he originally named nineteen Defendants. [1], pp. 3, 15. While screening this case under 28 U.S.C. § 1915, the Court dismissed fourteen Defendants, leaving only five: (1) Burl Cain, (2) Donald Faucett, (3) Gloria Perry, (4) Primary Officer Unknown, and (5) Deputy Jeremy S. [12], pp. 1-2. Plaintiff is proceeding *in forma pauperis*. [6], pp. 1-3.

On May 2, 2024, the Court issued Notices of Lawsuit and Requests to Waive Service of a Summons to the remaining Defendants. The Notices and Requests were sent to the Mississippi Attorney General's Office for Defendants Cain, Faucett, and Perry. [13], p. 1. For Defendant Jeremy S., a Notice and Request was sent to Attorney William Allen based on his prior representation of Pearl River County, Mississippi. [13], p. 1. And Plaintiff was warned "[t]hat process will not issue for Primary Officer Unknown at this time." [13], p. 2. Plaintiff was instructed "to file a motion . . . asking that process be served on Primary Officer Unknown" as soon as he "learns of Primary Officer Unknown's name or other identifying information." [13], p. 2.

On May 31, 2024, Attorney Allen specially appeared to advise the Court that Pearl River County "do[es] not employ any person named 'Jeremy S.'" [19], p. 1. On June 3, 2024, the Court instructed Plaintiff that it is his "responsibility to prosecute this case, including identifying Jeremy S.'s correct name and location for service of process." [20], p. 1. Accordingly, Plaintiff was directed to file a written response on or before June 17, 2024, to "provide the Court with Jeremy S.'s correct name and location for service of process." [20], pp. 1-2. "Alternatively, Plaintiff [was] directed to confirm that Jeremy S. was employed by the Pearl River County Sheriff's Office at the time of the events giving rise to this lawsuit, or advise if Jeremy S. was employed by another agency at that time." [20], pp. 1-2. "Plaintiff [was] warned that his failure to keep this Court informed of his current address or his failure to timely comply with any Order of this Court may result in the dismissal of this case." [20], p. 2. That Order [20] was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable. Plaintiff did not comply with the Court's Order [20] by the June 17 deadline.

On June 28, 2024, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's Order [20]. [21], p. 1. Plaintiff's responsive deadline was extended to July 12, 2024, and he was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . will result in this lawsuit being dismissed without prejudice and without further notice to him." [21], p. 2. The Order to Show Cause [21], with a copy of the Court's June 3 Order [20], was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable. Plaintiff did not comply with the Court's Orders [20] [21] by the July 12 deadline.

On July 26, 2024, the Court entered a Second and Final Order to Show Cause [23] directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [20] [21]." [23], p. 2. Plaintiff was ordered to file a written response on or before August 9, 2024. [23], p. 2. Plaintiff was also ordered, on or before the August 9 deadline, to comply with the Court's June 3 Order [20] "by providing the requested information." [23], p. 2. Plaintiff was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . ***will result*** in this lawsuit being dismissed without prejudice and without further notice to him." [23], p. 2 (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [20] [21]." [23], p. 2. The Second and Final Order to Show Cause [23], with a copy of the Court's June 3 Order [20] and June 28 Order [21], was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable.

Plaintiff did not comply with the Second and Final Order to Show Cause [23] by the August 9 deadline, nor has he filed a document in this record since December 29, 2023. *See* [10], pp. 1-4. Since that time, Plaintiff's only arguable correspondence with the Court has been six partial payments toward his filing fee—which are automatically deducted from his inmate canteen account and represent no action on his part. Thus, Plaintiff has failed to actively litigate this case for almost nine months, despite being warned eleven times that a failure to timely comply with the Court's Orders may lead to the dismissal of this case. *See* [2], p. 2; [4], p. 2; [6], p. 2; [7], p. 3; [8], p. 2; [9], p. 2; [13], pp. 2-3; [16], p. 1; [20], p. 1; [21], p. 2; [23], p. 2.

The Court may dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to manage [its] own affairs." *Link v.*

*Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the party seeking relief, so as to achieve the orderly and expeditious disposition of cases." *Fauzi v. Royal Hospitality Services, LLC*, No. 1:14-cv-83-HSO-RHW, 2016 WL 3166581, at *2 (S.D. Miss. Jun. 6, 2016) (citing *Link*, 370 U.S. at 630). "Such a 'sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars' of the Court." *Id.* (quoting *Link*, 370 U.S. at 630-31). In this case, lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (quotation omitted).

Since Plaintiff has failed to comply with three Court Orders [23] [21] [20], the Court finds that this case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failing to respond to a Court order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this matter is **DISMISSED WITHOUT PREJUDICE**.

THIS, the 19th day of September, 2024.

_____
**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**